FLORIDA POWER CORPORATION, *Appellant*, v. OCKLAWAHA
RECLAMATION FARMS, *Appellee*.

Division B.

Opinion Filed April 5, 1927.

When it has not been made clearly to appear that the Chancellor
abused his discretion in making and entering an interlocutory
order appealed from, the same should be affirmed.

An Appeal from the Cricuit Court for Lake County; J.
C. B. Koonce, Judge.

Affirmed.

*Cook & Harris*, for Appellant;

*Hampton & Greene* and *Gaines & Futch*, for Appellee.

PER CURIAM.—In this case bill was filed by Ocklawaha
Reclamation Farms, a Corporation, against Florida Power
Corporation and other defendants; the purpose of which
was to procure a decree rescinding certain contracts and to
enjoin the destruction of certain property until the matters
at issue could be adjudicated. Application for restraining
order was made after notice and the order entered as fol-
lows:

"This cause came on to be heard this day after notice to
counsel for an injunction enjoining and restraining the
defendant, Florida Power Corporation, a corporation under
the laws of Florida, from tearing down the electric light
and pole line generally called the "power line" between
Lake Weir Station and Leesburg, and from disconnecting
the current from the power plant at Moss Bluff with the
switchboard at Leesburg, carried over the power line from

Moss Bluff to Leesburg, put up by the Ocklawaha Reclamation Farms, the complainant. This being a suit for the rescission of certain contracts between the complainant and the Ocklawaha Power Company and the Interstate Utilities Corporation, all of which appear to have been assigned to or acquired by the Florida Power Corporation; and it appearing to the Court that it is proper to preserve the status of things, and the said matter having been argued by counsel for the respective parties,

It was ORDERED, ADJUDGED AND DECREED:

That upon the complainant giving bond with two good and sufficient sureties, or with a Surety Company authorized to do business within the State of Florida, in the penal sum of Five Thousand ($5,000.00) Dollars, conditioned to pay the defendant, Florida Power Corporation, all costs and damages which it may sustain by reason of the wrongful issuance of said injunction, if the same is dissolved or the bill of complaint dismissed, such bond to be approved by the Clerk of the Court, then that injunction do issue restraining and enjoining the said defendant, Florida Power Corporation, from doing the above acts until the further order of the Court.

DONE AND ORDERED at Tavares, Florida, this the 24th day of May, A. D. 1926.''

The appellant filed motion to dissolve the restraining order, as follows:

''Now comes the defendant, Florida Power Corporation, and moves the Court to dissolve the temporary injunction heretofore granted in the said cause, and to dismiss the bill of complaint as to this defendant, upon the grounds and for the reasons following, to-wit:

1st. Because there is no equity in the bill of complaint.

2nd. Because the allegations of the bill of complaint do

not entitle the complainant to an injunction against this defendant.

3rd.   Because no injunction *pendente lite* is asked for by the prayer of the bill.

4th.   Because the bill of complaint shows that this defendant, Florida Power Corporation, is not a party to any of the contracts alleged in the bill of complaint, which said contracts the complainant is seeking to have rescinded by these proceedings.

5th.   Because the bill of complaint does not show that the complainant would suffer any irreparable injury *pendente lite*.

6th.   Because said bill of complaint shows by the various allegations therein contained that the complainant has adequate remedy at law.

7th.   The injunction heretofore granted in said cause, was improvidently granted.

8th.   Because the bill of complaint shows on its face that there is no privity between this defendant, Florida Power Corporation, and the complainant.''

On July 8, 1926, the motion to dissolve was denied. From this order and the restraining order appeal was taken. The defendant had not at the time the order were made interposed any other pleadings to the bill of complaint.

It has not been made clearly to appear that the Chancellor abused his discretion in making and entering the orders appealed from and, therefore, the same should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.